United States District Court
Southern District of Texas
**ENTERED**
August 17, 2022
Nathan Ochsner, Clerk

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Port of Houston Authority of Harris § 
County Texas, §
§
        Plaintiff, §
§
*versus* §    Civil Action H-19-746
§
Louis Dreyfus Company Houston Export §
Elevator LLC, §
§
        Defendant. §

## Opinion and Order on Fees

1. *Background.*

Port of Houston Authority of Harris County sued Louis Dreyfus Company Houston Export Elevator, LLC, for breach of contract. The case was tried by a jury. The jury returned a verdict in favor of the Port.

The lease required that if the Port prevailed in litigation, it was entitled to all court costs and reasonable attorney fees. It will recover the necessary costs.

The Port seeks a total of $1,598,835.87 in attorneys' fees and court costs. It also requests $212,750 in conditional appellate fees and $112,125 in conditional post-trial briefing fees.

Dreyfus does not contest the amounts. It disputes that the Port is entitled to the recovery of fees pending a final merits determination after an appeal.

2. *Attorneys' Fees.*

Section 38 of Texas Civil Practice and Remedies Code says that attorneys' fees must be awarded if a claimant recovers damages in a breach of contract. The Port must show that it (a) prevailed on a cause of action; and (b) recovered damages.[1]

---

[1] Texas Civil Practice and Remedies Code § 38.001; *Atrium Medical Center, LP v. Houston Red C LLC*, 546 S.W.3d 3005 (App. 14 Dist. 2017)

Because the jury found that Dreyfus breached the contract, the Port prevailed. The jury awarded $22,317,000 in damages. The Port is entitled to attorneys' fees but the amount is discretionary.

2.  *Fee Calculation.*

To determine the reasonable attorneys' fees, it is a two-step process. First, the court will examine the productive number of hours spent on the case and the rate charged through the lodestar method. Second, the court will consider whether the lodestar should be adjusted upward or downward based on the twelve Johnson factors.[2]

The factors are:
- (a) the time and labor required for the litigation;
- (b) the novelty and complication of the issues;
- (c) the skill required to properly litigate the issues;
- (d) whether the attorney had to refuse other work to litigate the case;
- (e) the attorney's customary fee;
- (f) whether the fee is fixed or contingent;
- (g) whether the client or case circumstances imposed any time constraints;
- (h) the amount involved and the result obtained;
- (i) the experience, reputation and ability of the attorneys;
- (j) whether the case was "undesirable";
- (k) the type of attorney-client relationship and whether that relationship was long-standing; and
- (l) awards made in similar cases.[3]

---

[2] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

[3] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)

A.   *Base Lodestar.*

The Port says its base fee of $1,502,966.51 is conservative. Attorneys from Ahmad, Zavitsanos & Mensing P.C., charged between $290 to $850 per hour. It is consistent with the market rate. The firm billed a total of 3,882.2 hours through the end of April for a billed total of $1,700,567.5.

The Port did not seek fees for 735.6 hours of work performed by its paralegals or in connection with this motion. The rate was discounted by 5% for duplicative work. The overall rate for attorney time comes to $477.65 an hour.

The hourly rate is not contested if it is within the range of prevailing market rates.[4] Because the hourly rate falls within the prevailing rate, it is reasonable.

B.   *Adjustments.*

The Port does not seek an adjustment under Texas law. It says that the time, novelty, and skill to try this case is reflected in the lodestar. It highlights that the experience, reputation, and ability of the attorneys is reflected in the base lodestar given the complexity of the factual and legal issues. It argues that the positive results obtained in pre-trial in the construction of the lease support the amount.

After deducting duplicative and excessive entries, the Port may recover $1,502,966.51 in reasonable attorney's fees from Dreyfus. This accounts for:

(1)   389 hours at $781.65 per hour by Todd Mensing;
(2)   596.7 hours at $645.85 per hour by Sammy Ford;
(3)   238.6 hours at $541.44 per hour by Kelsi Stayart White;
(4)   561.5 hours at $385.44 per hour by Michael Killingsworth;
(5)   1173.4 hours at $317.21 per hour by Thomas Frashier;
(6)   107.1 hours at $451.25 per hour by Kyril Talanov;
(7)   40.6 hours at $640 per hour by Ryan Hackney; and
(8)   48.4 hours at $460.77 per hour by Adam Milasincic.

---

[4] *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F.Supp.2d 1040, 1089 (S.D.Tex.2012)

This fee calculation is reasonable because of the difficult and complexity of this case as it involved lengthy engineering reports and building structures. The case faced an almost week long trial and resulted in a recovery for the Port on its breach of contract claim. The Port's attorneys' were experienced and charged a reasonable rate for commercial litigation work.

3.  *Bill of Costs.*

The Port seeks recoverable costs under Rule 54 for court fees involving service fees, transcripts, printing, and copying. It has submitted evidence that supports its request for $95,869.36,

4.  *Post-Trial and Appeal.*

The Port says it will cost $212,750 to defend Dreyfus's appeal. It recoverable because it is incurred with litigation which was required under 21.13 of the lease.

The Port responded to the post-trial briefings filed by Dreyfus. Because it is incurred in connection with the litigation, the Port may recover $71,885 in conditional post-trial briefing fees. If Dreyfus files a relief from judgment, it may also recover $40,250 to respond to that brief.

5.  *Conclusion.*

Louis Dreyfus Company Houston Export Elevator, must pay to the Port of Houston Authority of Harris County, $1,502,966.51 in attorney's fees and $95,869.36 in costs, plus 0.08% post-judgment interest. If Dreyfus files an appeal, the Port may recover $212,750. If Dreyfus files another post-trial motion, it may recover $112,125. (189)(190)(196)

Signed on August __17__, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge